**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RAMON STALNAKER**                                    **CIVIL ACTION**

**VERSUS**                                             **NO: 26-371**

**INTERLAND, INC. ET AL.**                             **SECTION "H"**

## ORDER AND REASONS

Before the Court are Plaintiff's Motion to Remand (Doc. 4) and Defendant Zachary Suddith's Motion to Dismiss for Insufficiency of Process (Doc. 9). For the following reasons, the Motions are **DENIED**.

## BACKGROUND

Plaintiff Ramon Stalnaker filed this action in the Civil District Court for the Parish of Orleans against Defendants Interland, Inc. ("Interland") and Zachary Suddith for injuries he sustained in an automobile accident. Plaintiff served Defendants pursuant to the Louisiana Long Arm Statute by mailing

1

certified copies of the Petition for damages and citation on January 15, 2026. Interland received service on January 20, 2026.

Interland removed the matter to this Court on February 20, 2026 on diversity grounds. Plaintiff now moves for remand to state court, asserting that Defendant's removal was untimely. Defendant opposes.

Defendant Suddith moves for dismissal of the claims against him under Federal Rule of Civil Procedure 12(b)(5), arguing that service of process was insufficient. Plaintiff opposes. This Court will consider each Motion in turn.

## LEGAL STANDARD

### A. Motion to Remand

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

### B. Motion to Dismiss for Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for "insufficient service of process."[4] A Rule 12(b)(5) challenge contests the manner in which process was served.[5] "[O]nce the validity of service of

---

[1] 28 U.S.C. § 1441.

[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[3] *Manguno*, 276 F.3d at 723.

[4] FED. R. CIV. P. 12(b)(5).

[5] *Id.*

2

process has been contested, the plaintiff bears the burden of establishing its validity."[6] That said, "if the plaintiff meets the burden of showing proper service," such as a signed return of service, "the burden shifts to the defendant to present strong and convincing proof of insufficient service."[7] In ruling on a Rule 12(b)(5) motion, district courts enjoy broad discretion.[8]

## LAW AND ANALYSIS

### A. Motion to Remand

Plaintiff argues that removal was untimely because it was not filed within 30 days of the mailing of service of process. Defendant responds that the time for removal does not begin to run until process is received. The question presented to this Court then is whether the time for removal begins to run when service sent by certified mail pursuant to the Louisiana Long Arm Statute is mailed or when it is received. Plaintiff argues that pursuant to Louisiana law service of process is effected upon mailing of the petition and citation.

Pursuant to 28 U.S.C. § 1446, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the *receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, by its plain language, § 1446 provides that the time for removal begins on receipt.

---

[6] Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).

[7] Windecker v. Hang Wei, No. 1:18-CV-00898-LY, 2020 WL 248689, at *1 (W.D. Tex. Jan. 16, 2020), *report and recommendation adopted*, No. 1:18-CV-898-LY, 2020 WL 10058228 (W.D. Tex. Jan. 31, 2020) (citing People's United Equip. Fin. Corp. v. Hartmann, 447 F. App'x 522, 524 (5th Cir. 2011)).

[8] Henderson v. Republic of Texas, 672 F. App'x 383, 384 (5th Cir. 2016).

And indeed, courts have confirmed that this is the correct interpretation.[9] "[S]tate law is ordinarily disregarded when removal is considered, including state law technicalities for completing service of process and securing personal jurisdiction."[10] This is because Congress sought to "make uniform the time for filing petitions for removal" without requiring parties to consider the relevant state law.[11] Accordingly, this Court finds that the time for removal under § 1446 begins to run from the Defendant's receipt of the initial pleading and therefore removal in this matter was timely. Plaintiff does not assert any other argument for remand, and therefore his motion is denied.

**B. Motion to Dismiss for Insufficient Service of Process**

Defendant Zachary Suddith moves for dismissal of Plaintiff's complaint for insufficient service of process. Plaintiff attempted service on Suddith by certified mail pursuant to the Louisiana Long Arm Statute. Suddith alleges that the certified mail was sent to the incorrect address. Suddith's driver's license and the police report in connection with the accident at issue here list his address as 1137 Bittle Ln., Bryan, Texas 77803. The certified mail receipt for the attempted service of Suddith, however, lists his address as 1137 Bittle Street, Bryant, Texas 77803. The USPS tracking information indicates that the mail was marked "Unclaimed/Being returned to sender." Defendant argues

---

[9] Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Grp., Inc., 166 F. Supp. 2d 511, 513 (E.D. La. 2001); Murtagh v. Americas Ins. Co., No. CV 19-1762, 2019 WL 1487506, at *2 (E.D. La. Apr. 4, 2019).

[10] Burton v. Cont'l Cas. Co., 431 F. Supp. 2d 651, 654 (S.D. Miss. 2006).

[11] *Id.*

4

that because the petition and citation were mailed to the wrong address, he has not been properly served.

"[T]he district court must look to state law to ascertain whether service was properly made prior to removal."[12] Louisiana Revised Statutes § 13:3204(A) permits service of nonresident defendants by sending a certified copy of the citation and complaint by certified mail to the defendant. Under Louisiana law, "a necessary requirement for proper long-arm service is that the petitioner sends the certified citation and petition to the actual, correct address of the defendant. When completed properly, the petitioner . . . need not prove that the defendant actually claims the certified mail."[13]

The question then becomes whether service of process to Suddith was sent to the correct address. It is undisputed that the address on the certified mail receipt incorrectly listed "Bryant, Texas 77803" instead of "Bryan, Texas 77803" and "street" instead of "lane." The affidavit submitted by Plaintiff's counsel attests that the petition and citation were mailed to Suddith at the incorrect address of "137 Bittle Street Bryant, Texas 77803." Defendant attests that he did not receive the certified mail. However, the USPS receipt from the purchase of the certified mail lists the destination as "Bryan, Texas 77803," and the USPS tracking information indicates that delivery was attempted and notice was left in "Bryan, Texas 77803." The USPS tracking ultimately

---

[12] Freight Terminals, Inc. v. Ryder Sys., Inc., 461 F.2d 1046, 1052 (5th Cir. 1972).
[13] Wood v. Hackler, 276 So. 3d 1136, 1140 (La. App. 2 Cir. 2019).

indicates that the mail was "Unclaimed/Being Returned to Sender" from "Bryan, TX 77801."

Accordingly, the Court finds that based on the evidence in the record, including the USPS tracking information and the fact that the zip code was at all times listed correctly, service was sent to Bryan, Texas despite the typographical error on the certified mail receipt. The Court therefore finds that Plaintiff has carried his burden to show by a preponderance of the evidence that service of process was sent in compliance with the Louisiana Long Arm Statute.[14] The Court therefore denies Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Motions are **DENIED**.

New Orleans, Louisiana this 8th day of May, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] *See* Ganpat v. E. Pac. Shipping, PTE. LTD., 434 F. Supp. 3d 441, 448 (E.D. La. 2020) (stating that plaintiff's burden is by a preponderance of the evidence).